J-S29012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANTHONY GOMEZ :
:
Appellant : No. 3412 EDA 2017

Appeal from the Judgment of Sentence June 14, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0006523-2016

BEFORE:   PANELLA, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY PANELLA, J.          **FILED SEPTEMBER 14, 2018**

Anthony Gomez appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following the revocation of his probation. Gomez challenges the discretionary aspects of his sentence. We affirm.

The relevant facts and procedural history are as follows. On October 20, 2016, Gomez pleaded guilty to one count each of theft by unlawful taking and criminal trespass.[1] The trial court sentenced Gomez to two years' probation for the theft conviction and 6 to 23 months' imprisonment for the trespass conviction.

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3921(a), and 3503(a)(1)(i), respectively.

Gomez was eventually released from prison. Immediately following his release, he began to send threatening and harassing text and voice messages to E. C., his ex-girlfriend, and J. C., her mother. The messages continued for months, until April 2017, when the victims brought these messages to the police and Gomez was charged with harassment. Gomez pled guilty to summary harassment.

Along with allegations of non-compliance with the terms of his probation and parole, Gomez's conviction triggered a probation and parole violation hearing for his underlying charges. On June 14, 2017, the court held a hearing and concluded that Gomez violated the terms of his probation and his parole. The court revoked Gomez's probation for his theft conviction and resentenced him to 30 to 60 months' imprisonment.[2] While Gomez filed a post-sentence motion challenging the discretionary aspects of his sentence for theft, he did not file an appeal following the motion's denial.

Gomez filed a timely *pro se* PCRA petition seeking reinstatement of his appellate rights. The PCRA court appointed counsel, and later reinstated Gomez's direct appeal rights *nunc pro tunc*. This timely appeal follows.

---

[2] The court also revoked Gomez's parole for criminal trespass and recommitted him to serve 351 days. Gomez does not challenge the revocation of his parole in this appeal.

On appeal, Gomez contends that the court abused its discretion in imposing sentence.[3] Specifically, Gomez claims his sentence was excessive, harsh, and unreasonable because it "far surpassed what was required to protect the public, the complainants, and the community; went well beyond what was necessary to foster [Gomez's] rehabilitation; and was grossly disproportionate to the crime." Appellant's Brief, at 8. Therefore, Gomez asserts the revocation court committed reversible error.

This claim challenges the discretionary aspects of Gomez's sentence. Initially, we note that our "scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

_____

[3] Gomez attempts to raise additional discretionary aspects of sentencing claims in the argument section of his brief, *i.e.*, that the trial court abused its discretion by failing to consider various mitigating factors and failed to impose an impartial sentence. *See* Appellant's Brief, at 14-27. However, because Gomez failed to include these issues in his statement of questions involved, we cannot consider them. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); Pa.R.A.P. 2116(b) ("An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall include any questions relating to the discretionary aspects of the sentence imposed … in the statement required by paragraph (a).")

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[We] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Gomez filed a timely notice of appeal and preserved his claim in a timely post-sentence motion. While Gomez's brief does not contain a separate Rule 2119(f) statement, the Commonwealth has not objected to this defect. **See**, **e.g.**, **Commonwealth v. Gould**, 912 A.2d 869, 872 (Pa. Super. 2006). Therefore, we will not find waiver on this basis. And, Gomez's claim that his sentence is unreasonable in light of the situation, and grossly disproportionate to his crimes, raises a substantial question for our review. **See Commonwealth v. Vega**, 850 A.2d 1277, 1280-1281 (Pa. Super. 2004) (finding claim that sentence is excessive and disproportionate to the crime, particularly in light of facts surrounding appellants' background, raises a substantial question for review). Therefore, we will address the merits of Gomez's claim.

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment— a sentencing court has not abused its discretion unless the record

discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Simmons***, 56 A.3d 1280, 1283-1284 (Pa. Super. 2012) (citation omitted).

"Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b). And the revocation court may impose a sentence of total confinement upon revocation if "the defendant has been convicted of another crime[.]" ***Id***., at (c)(1). "[T]he trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa. Super. 2013) (citation omitted).

> In addition, in all cases where the court resentences an offender following revocation of probation … the court shall make as a part of the record, and disclose in open court at the time of sentencing a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. 42 Pa.C.S. § 9721(b). A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

***Commonwealth v. Colon***, 102 A.3d 1033, 1044 (Pa. Super. 2014) (citations and quotation marks omitted).

Here, the court placed the following reasons for imposing sentence on the record at the revocation hearing:

- 5 -

All right. So I'm looking at this report, and I'm using this as a guideline to what I'm finding is the case here. Let's go to #1, report to probation and parole officer as directed. By the way, I do not look at these allegations separately. I think that when taken together they paint a picture pretty accurately and credibly of a person who is the very opposite of someone who is responding to probation. What they present to me is someone who's absolutely intent on evading and violating every concept connected to probation. And if you look at each one under a microscope if that was the only violation taken by itself, you might say, well, it doesn't warrant a substantial punishment. Quite true. But what I'm talking about here is taking all these things together and looking at what they present to the [c]ourt by way of a unified picture of what [Gomez] is when he's on probation. Report to probation/parole officer as directed. He never did it. He never did it. He had this weird notion in his mind that his case was going to be -- or was transferred to Philadelphia and it never was. Yet he continuously reported to Philadelphia asking -- raising a pretext that he's actually reporting.

So #2, obtaining permission from the probation officer before changing address. [Defense counsel], you say that he was easy to find. It's not their obligation to find him whether it's easy []or hard. He has to according to the sentencing sheet provide a verifiable address which he never did. They didn't know where he was.

#3, comply with municipal, county and state laws. Somehow he managed to convince somebody that this horrendous situation that he created with th[ese] women was something that was worthy of a summary offense. I find it incredible that that was the outcome of all this.

Refrain from overt behavior which may endanger oneself or others. All this pattern of harassment and whatever else he was described as doing[,] the lowest point is the point at which this young woman was trying to deal with her addiction and he drew her back into addiction by providing her with drugs. That's a major felony and there's no doubt in my mind that he actually did that, and he may have done it more than once, and when he couldn't do it anymore he started on a campaign of harassment, getting her fired. It's incredible to me that he would confront her at her work before he got her fired. I can understand why she might have been dissatisfied with that approach.

Complete the special conditions. I don't believe [Gomez's witness] is telling the truth about that. He went to Philadelphia still under some kind of pretext that he was being supervised in Philadelphia to get treatment. I haven't seen anything in the record and it needs to be there if I'm to believe it that he actually did that. It ain't there.

So and then we have this long, long criminal history. Many of these things have to deal with dealings in drugs and other things. The case in Montgomery County where he's still alive [sic] and he's under supervision or he's going to be violated or looked to for violation from the 2012 harassment of these people. So there's a quality of relentlessness about his behavior in a criminal context from early on. And I don't think that there's any prospect of any kind of rehabilitative probation or supervision for him other than a jail sentence. It'll give the public and people relief from him for as long as the law would provide for. Therefore, I'm sentencing him to 30 to 60 months in a state correctional institution without RRI.

N.T., Revocation Hearing, 6/14/17, at 162-165 (paragraph demarcations added).

Based upon our independent review of the record, the revocation court's findings set forth above, and our scope and standard of review, we conclude that the revocation court did not abuse its discretion in sentencing Gomez to 30 to 60 month's imprisonment following the revocation of his probation. The court clearly considered the facts surrounding Gomez's violations, as well as the evidence presented as to his character. **See Colon**, 102 A.3d at 1044. Based upon its consideration of these factors, the court concluded that the public would best be protected by giving Gomez a sentence of 30 to 60 months' imprisonment. Gomez has failed establish that the court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/18